1
2
3
4
5
6
7

**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
msincich@galipolaw.com
Shannon Leap, Esq. (SBN 339574)
sleap@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333
Fax: (818) 347-4118

*Attorneys for Plaintiffs*

8
9
10

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LUCILA LIMON-MENDOZA,
DANIEL VITAL, and SONIA
ANGUIANO,

          Plaintiffs,

     v.

CITY OF CORONA, KYLE NABI,
MATTHEW LAUGHLIN, and DOES
1-10, inclusive,

          Defendants.

Case No.: 5:23-cv-00134

**COMPLAINT FOR DAMAGES**

Pursuant to 42 U.S.C. §1983:
1. Fourth Amendment (Unlawful Entry & Unreasonable Detention)
2. Fourth Amendment (Excessive Force)
3. Fourteenth Amendment (Interference with Familial Relationship)
4. Municipal Liability (Unconstitutional Custom, Practice, or Policy)
5. Municipal Liability (Failure to Train)
6. Municipal Liability) (Ratification)

Pursuant to State Law:
7. False Arrest/False Imprisonment
8. Assault/Battery
9. Negligence & Negligent Infliction of Emotional Distress
10. Intentional Infliction of Emotional Distress
11. Violation of the Bane Act

**DEMAND FOR JURY TRIAL**

## COMPLAINT FOR DAMAGES

COME NOW, Plaintiffs LUCILA LIMON-MENDOZA, DANIEL VITAL, and SONIA ANGUIANO for their Complaint for Damages against Defendants CITY OF CORONA, KYLE NABI, MATTHEW LAUGHLIN, and DOES 1-10, inclusive, and hereby allege as follows:

## INTRODUCTION

1.      This civil rights action arises out of the violation of both Federal and State Law including the use of excessive and unreasonable force against CRISTIAN ALONSO ANGUIANO-LIMON ("Decedent"), by CITY OF CORONA Police Department ("CPD") Officers KYLE NABI and MATTHEW LAUGHLIN on December 12, 2021, at approximately 8:30 p.m., while Decedent was in his own home in the City of Corona, California.

2.      Decedent, CRISTIAN ALONSO ANGUIANO-LIMON, suffered serious bodily injury and death as a direct and proximate result of the actions and inactions of Defendants CITY, CPD Officers NABI and LAUGHLIN, and DOES 1-10, inclusive. Defendants NABI, LAUGHLIN, and DOES 1-10, inclusive, are directly liable for their nonfeasance and malfeasance and for Decedent and Plaintiffs' injuries, harm, and damages under federal law pursuant to 42 U.S.C. §1983 and under state law pursuant to Cal. Govt. Code §§820, 820.4, 820.8, and 821.8, and Cal. Civ. Code §§52.1, 377.20, 377.30, 377.34, 377.60, 377.61, and 1021.5. Defendant CITY is directly liable for its conduct pursuant to 42 U.S.C. §1983 and vicariously liable for the acts and omissions and for the nonfeasance and malfeasance of CPD Officers, including Defendants NABI, LAUGHLIN, and DOES 1-10, inclusive, pursuant to Cal. Govt. Code §§820(a). 815.2(a), and 815.6.

3.      Defendant Officers NABI and LAUGHLIN, and DOES 1-8, inclusive, caused various injuries herein directly, or by integrally participating

or failing to intervene in the incident, and by engaging in other acts and/or omissions around the time of the incident. Specifically, Defendant Officers NABI and LAUGHLIN, and DOES 1-8, inclusive, repeatedly shot Decedent while he was not armed with a firearm, no warning was given, reasonable alternatives were available, and Decedent was not an immediate threat of death or serious bodily injury to any person, causing his death.

4.     Defendants CITY OF CORONA and DOES 9-10, inclusive, also caused various injuries and are liable under federal law and under the principles set forth in *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

5.     Plaintiffs seek compensatory from Defendants for violating various rights under the United States Constitution in connection with their use of excessive and unreasonable deadly force. Plaintiffs seek punitive damages from Defendants NABI, LAUGHLIN, and DOES 1-10, inclusive only, and not Defendant CITY.

## **JURISDICTION AND VENUE**

6.     The Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §§1331 and 1343(a)(3)-(4) because Plaintiffs assert claims arising under the laws of the United States including 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments of the United States Constitution.

7.     This Court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. §1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

8.     Venue in this judicial district is proper pursuant to 28 U.S.C. §1391(b) because all incidents, events, and occurrences giving rise to this action occurred within this district.

PLAINTIFFS' COMPLAINT FOR DAMAGES

## THE PARTIES

9.     Decedent   CRISTIAN   ALONSO   ANGUIANO-LIMON ("Decedent" and/or "LIMON") was and is the 32-year-old, Hispanic male, Decedent in this action. Decedent LIMON died on December 12, 2021. At all relevant times, Decedent was an individual residing in the City of Corona, California.

10.     At all relevant times, Plaintiff LUCILA LIMON-MENDOZA ("LIMON-MENDOZA") is and was an individual residing in the City of Corona, California. Plaintiff LIMON-MENDOZA is the natural mother of Decedent LIMON, which constitutes a special relationship with Decedent, and sues in her individual capacity for wrongful death under state and federal law, and for survival damages as Decedent's successor-in-interest pursuant to California Code of Civil Procedure §§377.30 and 377.60.

11.     At all relevant times, Plaintiff DANIEL VITAL ("VITAL") is and was an individual residing in the City of Corona, California. Plaintiff VITAL is the stepfather of Decedent LIMON, which constitutes a special relationship with Decedent, and sues in his individual capacity for wrongful death under state and federal law, and for survival damages as Decedent's successor-in-interest pursuant to California Code of Civil Procedure §§377.30 and 377.60.

12.     At all relevant times, Plaintiff SONIA ANGUIANO ("ANGUIANO") is and was an individual residing in the City of Corona, California. Plaintiff ANGUIANO is the natural sister of Decedent LIMON, resided with Decedent LIMON, which constitutes a special relationship with Decedent, and sues in her individual capacity for damages she suffered under state law.

13.     Defendant CITY OF CORONA ("CITY") is a political subdivision of the State of California that is within this judicial district. Defendant CITY is responsible for the actions, omissions, policies,

4

procedures, practices, and customs of its various agents and agencies, including the City of Corona Police Department ("CPD") and its agents and employees. At all relevant times, Defendant CITY was responsible for assuring those actions, omissions, policies, procedures, practices, and customs of the Defendant CITY, CPD, and its employees and agents complied with the laws of the United States and the State of California. At all relevant times, Defendant CITY was the employer of Defendant Officers NABI, LAUGHLIN, and DOES 1-10.

14.    Defendant Officer KYLE NABI ("NABI") was and is an officer with the CPD. Defendant NABI proximately caused Plaintiffs' and Decedent's injuries either by shooting, failing to intervene, or internally participating in the shooting of Decedent. At all relevant times, Defendant NABI was acting under the color of law within the course and scope of his duties as an officer working for the CPD. At all relevant times, Defendant NABI acted with complete authority and ratification of his principal, Defendant CITY.

15.    Defendant Officer MATTHEW LAUGHLIN ("LAUGHLIN") was and is an officer with the CPD. Defendant LAUGHLIN proximately caused Plaintiffs' and Decedent's injuries either by shooting, failing to intervene, or internally participating in the shooting of Decedent. At all relevant times, Defendant LAUGHLIN was acting under the color of law within the course and scope of his duties as an officer working for the CPD. At all relevant times, Defendant LAUGHLIN acted with complete authority and ratification of his principal, Defendant CITY.

16.    At all relevant times, Defendants DOES 1-8, inclusive, were duly appointed CPD Officers, Sergeants, Lieutenants, and employees and agents of Defendant CITY (regardless of rank or title), subject to the oversight and supervision by Defendant CITY'S elected and non-elected officials and acted within the course and scope of their employment and under color of law, to

5

wit, under the color of statutes, ordinances, regulations, policies, customs, and usage of Defendant CITY, CPD, and under color of the statutes and regulations of the State of California. At all relevant times, Defendant DOES 1-8 were the agents of each and every other Defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each Defendant. At all relevant times, DOES 1-8, inclusive, acted with the complete authority and ratification of their principal, Defendant CITY.

17.    Defendants DOES 9-10, inclusive, are managerial, supervisorial, or policymaking employees of the Defendant CITY who were acting under color of law within the course and scope of their duties as supervisorial officials for the CPD. Defendant DOES 9-10, inclusive, were acting with the complete authority of their principal, Defendant CITY.

18.    Plaintiffs are ignorant of the true names and capacities of Defendant DOES 1-10, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiffs will amend the complaint to allege the true names and capacities of those Defendants when the same has been ascertained. Plaintiffs are informed and believe, and on that basis allege, that DOES 1-10, inclusive, and each of them, are responsible in some manner for the occurrences alleged herein and proximately caused Plaintiffs' and Decedent's damages.

19.    On information and belief, Defendant Officers NABI, LAUGHLIN, and DOES 1-10, inclusive, were at all relevant times residents of the City of Corona.

20.    Plaintiffs are informed and believe, and on that basis allege, that Defendants acted at all times mentioned herein as the actual and/or ostensible agents, employees, servants, or representatives of each other and, in doing the activities alleged herein, acted within the scope of their authority as agents and employees, and with the permission and consent of each other.

21.    Plaintiffs are informed and believe, and on that basis allege, that at all times mentioned herein all individual Defendants, including Defendant Officers, and DOES 1-10, inclusive, acted under the color of law, statute, ordinance, regulations, customs and usages of the State of California and the Defendant CITY.

22.    Pursuant to Cal. Govt. Code §815.2(a), Defendant CITY is vicariously liable for the nonfeasance and malfeasance of the individual Defendant Officers, and DOES 1-10, inclusive, as alleged by Plaintiffs' state law claims. ("A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative."). Defendant Officers, and DOES 1-10, inclusive, are liable for their nonfeasance and malfeasance pursuant to Cal. Civ. Code §820(a). Defendant CITY is also liable pursuant to Cal. Govt. Code §815.6.

23.    All Defendants who are natural persons, including Defendant Officers NABI, LAUGHLIN, and DOES 1-10, inclusive, are sued individually and/or in his/her capacity as officers, supervisors, agents, policy makers, and representatives (regardless of rank or title) of Defendant CITY and the CPD; and punitive damages are only being requested as to these Defendants, and not Defendant CITY.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

24.    Plaintiffs repeat and re-allege each and every allegation of paragraphs 1 through 23, inclusive, as if fully set forth herein.

25.    On December 12, 2021, at approximately 8:30 p.m., Defendant CPD Officers NABI and LAUGHLIN arrived at Plaintiffs' and Decedent's house in response to a call.

7

26.   Upon arrival, Defendants NABI and LAUGHLIN had no information that any person was harmed or about to be harmed by Decedent and had no information about Decedent's or Plaintiffs' backgrounds.

27.   Upon arrival, there was no crime in progress and Defendants NABI and LAUGHLIN saw Decedent LIMON outside on the driveway of his house.

28.   After seeing Defendants NABI and LAUGHLIN approaching his property, Decedent entered his house.

29.   Thereafter, and without learning any additional information, Defendants NABI and LAUGHLIN entered Plaintiffs' and Decedent's home without probable cause to arrest any person, including Decedent; without permission by any individual possessing authority to consent to their unlawful entry; without a warrant making the entry presumptively unreasonable; and Defendants NABI and LAUGHLIN did not knock and announce they were entering.

30.   Prior to and upon unlawfully entering Decedent and Plaintiffs' home, Defendants NABI and LAUGHLIN did not have a tactical plan; did not wait for support; did not see a crime in progress; were not in hot pursuit; had no probable cause to believe that there was a risk of imminent destruction of evidence; had no probable cause to believe there was an imminent need to prevent escape; had no probable cause to believe there was an imminent risk of danger to the life of any person; and did not have probable cause to arrest Decedent.

31.   After entering Decedent and Plaintiffs' home, and prior to any use of force, Defendants NABI and LAUGHLIN never gave Decedent any verbal warning that deadly force was going to be used and never gave Decedent an opportunity to voluntarily comply, and instead escalated the situation when they physically grabbed Decedent from behind.

8

32.   Thereafter, Defendants NABI and LAUGHLIN used excessive and unreasonable force, either by repeatedly shooting Decedent, including to Decedent's back and as Decedent was falling to the ground, or by failing to intervene on the use of force against Decedent and by integrally participating in the use of force against Decedent.

33.   Upon information and belief, at all relevant times, Defendants NABI and LAUGHLIN had the opportunity to give Decedent verbal warnings, as well as to give Decedent the opportunity to heed any warning, but failed to do so; Defendants were armed with less-lethal force options, but failed to utilize them; Defendants failed to de-escalate the situation and instead escalated the situation by entering into the home, grabbing Decedent, and shooting Decedent.

34.   Under the totality of the circumstances the use of deadly force against Decedent LIMON by Defendants NABI and LAUGHLIN was unnecessary, excessive and unreasonable, extreme, outrageous, and outside the bounds of decency because at the time that Defendants were shooting at Decedent in in the presence of Plaintiffs, no verbal warning had been given to Decedent, despite it being feasible to do so; Defendants had less-intrusive options available to them; Defendants failed to attempt any less-intrusive options, despite it being feasible to do so; Decedent did not pose an immediate threat of death or serious bodily injury to any person or Officer at the time of the shots; and Defendants used the highest, most intrusive level of force.

35.   When Defendants NABI and LAUGHLIN entered Plaintiffs' and Decedent's home, Defendants NABI and LAUGHLIN knew that Plaintiffs were present in the home and knew or reasonably should have known that their use of deadly force under these circumstances would result in severe emotional distress but had little if any thought to the probable effects of their conduct. Further, Plaintiffs were physically present for, heard, saw, and/or were

9

otherwise aware of the excessive, unreasonable, and outrageous shooting of Decedent LIMON in their home, causing them severe emotional distress, including long-lasting suffering, anguish, fright, horror, nervousness, chagrin, disappointment, grief, anxiety, worry, shock, humiliation, and shame.

36.    Defendants NABI and LAUGHLIN's conduct was extreme and outrageous because Defendants' conduct was an abuse of their position of authority; abuse of their duty to protect and abuse of their duty to use only that amount of force that is necessary; it exceeds all bounds of that usually tolerated in a civilized community – indeed there are very few instances if any that are more outrageous then witnessing a child or brother shot and killed in his home. An ordinary person in society would not be able to cope with or be expected to endure seeing their loved one shot repeatedly to death in their own home, including to the back as he was falling to the ground.

37.    Upon information and belief, Decedent LIMON was eventually taken by ambulance to the Riverside Community Hospital where he was pronounced deceased at approximately 9:15 p.m., after 45 minutes of suffering.

38.    Defendants NABI and LAUGHLIN'S conduct as alleged herein, including the unlawful entry, unreasonable detention, and use of excessive and unreasonable force including deadly force against Decedent, was a cause and substantial factor in causing Decedent LIMON fear, anxiety, pain, suffering, serious bodily injury, and death.

39.    Defendants NABI and LAUGHLIN'S conduct as alleged herein, including the unlawful entry, unreasonable detention, and use of excessive and unreasonable force including deadly force against Decedent, was a cause and substantial factor in causing Plaintiffs LIMON-MENDOZA and VITAL the lifelong loss of their son.

40.    Defendants NABI and LAUGHLIN'S conduct as alleged herein, including the unlawful entry, unreasonable detention, and use of excessive and unreasonable force including deadly force against Decedent, was a cause and substantial factor in causing Plaintiffs LIMON-MENDOZA, VITAL, and ANGUIANO severe emotional distress.

41.    Upon information and belief, no officer, including Defendants, and no person other than Plaintiffs and Decedent were harmed because of this incident and Defendants' conduct as alleged herein.

42.    The Defendant CPD Officers violated their own policies and basic officer training when they used force, including deadly force against Decedent. The Defendant CPD Officers were trained that they cannot use deadly force to effectuate an arrest when a person is not an immediate threat of death or serious bodily injury. The Defendant CPD Officers were trained that they should have a tactical plan and de-escalate the situation instead of using force whenever possible.

43.    On or around June 8, 2021, Plaintiffs served their comprehensive and timely claims for damages with the CITY OF CORONA pursuant to applicable sections of the California Government Code.

44.    On July 27, 2021, the Defendant CITY served its letters of rejection of Plaintiffs' claims.

## **DAMAGES**

45.    As a direct and proximate result of the intentional conduct, negligent conduct, reckless disregard, deliberate indifference and otherwise wrongful conduct of Defendants, Plaintiffs LIMON-MENDOZA and VITAL have suffered and continue to suffer the lifelong loss of their son, resulting in Plaintiffs' economic and non-economic damage including for the past and future loss of Decedent's love, companionship, comfort, care, assistance,

attention, protection, affection, society, moral support, instruction, training, advice, guidance, gifts or benefits, funeral and burial expenses, household services, and future financial support in amounts to be proven at the time of trial (hereinafter called "wrongful death damages").

46. As a direct and proximate result of the intentional conduct, negligent conduct, reckless disregard, deliberate indifference and otherwise wrongful conduct of Defendants, Plaintiffs LIMON-MENDOZA, VITAL, and ANGUIANO were individually harmed including suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame, that is not mild or brief, but long lasting that no reasonable person in a civilized society should be expected to bear (hereinafter called "severe emotional distress").

47. As a direct and proximate result of the intentional conduct, negligent conduct, reckless disregard, deliberate indifference and otherwise wrongful conduct of Defendants, Decedent LIMON endured severe pre-death pain and suffering, loss of life, and loss of opportunity and enjoyment of life, for which Plaintiffs LIMON-MENDOZA and VITAL bring and can recover as successors in interest to Decedent LIMON (hereinafter called "survival damages").

48. The conduct of the individual Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs and Decedent in that Plaintiffs' and Decedent's constitutional rights were intentionally deprived and violated, and/or there was reckless disregard for constitutional rights of Plaintiffs and Decedent. As such, their conduct as alleged herein entitles Plaintiffs an award of exemplary and punitive damages from the individual Defendants. Plaintiffs bring no action for punitive damages against Defendant CITY.

PLAINTIFFS' COMPLAINT FOR DAMAGES

49.    Pursuant to 42 U.S.C. §1988(b), Plaintiffs and Decedent are entitled to recover reasonable attorney fees, costs, and interests incurred herein. Pursuant to Cal. Civ. Code §52.1, Plaintiffs and Decedent are entitled to recover civil penalty, costs, and reasonable attorney fees including treble damages. Pursuant to Cal. Code of Civ. Pro. §1021.5, Plaintiffs seek reasonable attorneys' fees.

## **FIRST CLAIM FOR RELIEF**

### **Unreasonable Search and Seizure – Violation of the Fourth Amendment**
### **(Unlawful Entry & Unreasonable Detention) (42 U.S.C. §1983)**

(By Plaintiffs LIMON-MENDOZA and VITAL against Defendants NABI, LAUGHLIN, and DOES 1-8, inclusive)

50.    Plaintiffs repeat and re-allege each and every allegation of paragraphs 1 through 49, inclusive, as if fully set forth herein.

51.    At all relevant times Defendants NABI, LAUGHLIN, and DOES 1-8, inclusive acted under the color of state law and within the course and scope of their employment with Defendant CITY.

52.    "It is familiar history that indiscriminate searches and seizures conducted under the authority of 'general warrants' were the immediate evils that motivated the framing and adoption of the Fourth Amendment." *Payton v. New York*, 445 U.S. 573, 583 (1980). The Fourth Amendment prohibits the arrest of an individual in his house without a warrant, even if there is probable cause to arrest him. The Fourth Amendment protects a home from entry absent a magistrate's finding of probable cause. Here, Defendants entered Plaintiffs' and Decedent's home without a warrant, and where no person possessing authority gave consent for Defendants to enter their home, therefore it is presumed to be unreasonable.

PLAINTIFFS' COMPLAINT FOR DAMAGES

53.    At all relevant times, Plaintiffs and Decedent had a legitimate expectation of privacy in the invaded place, their home, which is rooted in understandings that are recognized and permitted by society as reasonable. The physical entry of the home is the chief evil against which the Fourth Amendment is directed.

54.    "To be arrested in the home involves not only the invasion attendant to all arrests but also an invasion of the sanctity of the home. This is simply too substantial an invasion to allow without a warrant, at least in the absence of exigent circumstances, even when it is accomplished under statutory authority and when probable cause is clearly present." *Payton*, 445 U.S. at 588-89 (citation omitted). At all relevant times, exigent circumstances did not exist for the warrantless intrusion in Plaintiffs' and Decedent's home. The Defendant Officers were not in hot pursuit of a fleeing felon, there was no risk of imminent destruction of evidence, there was no imminent need to prevent a suspect's escape, there was no imminent risk of danger to the life of the police or any other person inside the house, and Defendants did not have probable cause to arrest Decedent.

55.    At the time of the Defendant Officers' unlawful entry into Plaintiffs' and Decedent's home, they had no information that any person was at risk of harm or danger, and they did not see any act of violence or hear any verbal threat.

56.    Defendant Officers NABI, LAUGHLIN, and DOES 1-8, inclusive, caused various injuries as mentioned herein by integrally participating or failing to intervene in the incident, and by engaging in other acts and/or omissions around the time of the incident. Defendants' acts and omissions deprived Decedent of his right to be free from unreasonable searches and seizures as guaranteed to Decedent under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

14

57.    As a direct result of the aforesaid acts and omissions of Defendant Officers NABI, LAUGHLIN, and DOES 1-8, inclusive, Decedent LIMON suffered great physical and mental injury prior to his death, loss of life, and loss of enjoyment of life.

58.    The conduct of Defendant Officers NABI, LAUGHLIN, and DOES 1-8, inclusive, alleged above was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent and warrants the imposition of exemplary and punitive damages in an amount according to proof.

59.    Plaintiffs seek survival damages, including but not limited to pre-death pain and suffering, loss of life, and loss of enjoyment of life, under this claim. Plaintiff also seeks reasonable attorneys' fees and costs under this claim.

## SECOND CLAIM FOR RELIEF

**Unreasonable Search and Seizure – Violation of the Fourth Amendment**

**(Excessive Force) (42 U.S.C. §1983)**

(By Plaintiffs LIMON-MENDOZA and VITAL against Defendants NABI, LAUGHLIN, and DOES 1-8, inclusive)

60.    Plaintiffs repeat and re-allege each and every allegation of paragraphs 1 through 59, inclusive, as if fully set forth herein.

61.    At all relevant times Defendants NABI, LAUGHLIN, and DOES 1-8, inclusive acted under the color of state law and within the course and scope of their employment with Defendant CITY.

62.    The Fourth Amendment of the United States Constitution, as applied to State Actors by the Fourteenth Amendment, provides the right of every person to be free from the use of excessive force by Officers.

15

63.    At all relevant times, Decedent LIMON never threatened any Officer and was not attempting to inflict harm to anyone. Defendants NABI, LAUGHLIN, and DOES 1-8 were not responding to a serious or violent crime; had no information that any person was harmed; did not see a crime in progress upon arrival; had no information about Decedent's or Plaintiffs' backgrounds; did not hear Decedent verbally threaten any person; and did not see Decedent physically harm any person. Nevertheless, Defendant Officers NABI, LAUGHLIN, and DOES 1-8, inclusive, used force including deadly force against Decedent, including by repeatedly shooting at Decedent and causing his death.

64.    When Defendant Officers NABI, LAUGHLIN, and DOES 1-8, inclusive, used force, including deadly force, Decedent LIMON was not an immediate threat of death or serious bodily injury, there were several less-intrusive alternatives to the use of deadly force available to the CPD Officers at the time, and no warning was given despite it being feasible.

65.    Upon information and belief, this shooting violated CPD Officer training and standard law enforcement officer training, including violating training with respect to the use of force, deadly force, and de-escalation.

66.    Defendant Officers NABI, LAUGHLIN, and DOES 1-8, inclusive, caused various injuries as mentioned herein by integrally participating or failing to intervene in the incident, and by engaging in other acts and/or omissions around the time of the incident. Defendants' acts and omissions deprived Decedent of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Decedent under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

67.    As a direct result of the aforesaid acts and omissions of Defendant Officers NABI, LAUGHLIN, and DOES 1-8, inclusive, Decedent LIMON

16

suffered great physical and mental injury prior to his death, loss of life, and loss of enjoyment of life.

68.    The conduct of Defendant Officers NABI, LAUGHLIN, and DOES 1-8, inclusive, alleged above was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent and warrants the imposition of exemplary and punitive damages in an amount according to proof.

69.    Plaintiffs seek survival damages, including but not limited to pre-death pain and suffering, loss of life, and loss of enjoyment of life, under this claim. Plaintiff also seeks reasonable attorneys' fees and costs under this claim.

## **THIRD CLAIM FOR RELIEF**

**Interference with Familial Relationship – Violation of the Fourteenth Amendment (42 U.S.C. §1983)**

(By Plaintiffs LIMON-MENDOZA and VITAL against Defendants NABI, LAUGHLIN, and DOES 1-8, inclusive)

70.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 69 of this Complaint with the same force and effect as if fully set forth herein.

71.    At all relevant times Defendants NABI, LAUGHLIN, and DOES 1-8, inclusive acted under the color of state law and within the course and scope of their employment with Defendant CITY.

72.    The Substantive Due Process Clause of the Fourteenth Amendment to the United States Constitution guarantees all persons the right to be free from unlawful state interference with their familial relations.

73.    Parents, such as Plaintiffs ANGUIANO-LIMON and VITAL, have a fundamental liberty interest in the companionship and society of their

1   child and the state's interference with that liberty interest without due process
2   of law is remediable under 42 U.S.C. §1983. *See Lee v. City of Los Angeles*,
3   250 F.3d 668, 685 (9th Cir. 2001); *Kelson v. City of Springfield*, 767 F.2d 651,
4   654-55 (9th Cir. 1985).

5       74.    Plaintiffs and Decedent had a cognizable interest under the Due
6   Process Clause of the Fourteenth Amendment of the United States
7   Constitution to be free from state actions that deprive them of life, liberty, or
8   property in such a manner as to shock the conscience, including but not limited
9   to unwarranted state interference in Plaintiffs' relationship with their son,
10  Decedent LIMON.

11      75.    By engaging in the conduct alleged herein, Defendants deprived
12  Plaintiffs of their right to a familial relationship with their son, Decedent
13  LIMON, in such a manner as to shock the conscience, including by unlawfully
14  entering Plaintiffs' and Decedent's home, by unreasonably seizing Decedent,
15  using excessive force against Decedent, and intentionally inflicting emotional
16  distress on Plaintiffs as alleged herein, which caused Decedent's death. This
17  conduct violated Plaintiffs' and Decedent's rights, privileges, and immunities
18  secured by the Fourteenth Amendment to the United States Constitution

19      76.    Defendant Officers NABI, LAUGHLIN, and DOES 1-8, inclusive,
20  intentionally shot, or failed to intervene in the intentionally shooting, or the
21  visibly unarmed Decedent, causing his death, when he was not an immediate
22  threat of death or serious bodily injury to any person at the time. Upon
23  information and belief, Defendants failed to give Decedent a verbal warning
24  before they used deadly force against him and took his life. There were less-
25  intrusive means available to the CPD Officers besides the use of deadly force,
26  including de-escalation and tactical communication to attempt voluntary
27  compliance, and upon information and believe, the CPD failed to deploy these
28

PLAINTIFFS' COMPLAINT FOR DAMAGES

less-intrusive techniques and/or failed to allow Decedent the time to comply thereafter.

77.    By engaging in the foregoing conduct, Defendant DOES 1-8 were integral participants and acted with deliberate indifference to the constitutional rights of Decedent and Plaintiffs, and with the purpose to harm unrelated to any legitimate law enforcement objective. Defendant DOES 1-8 are liable to Plaintiffs and Decedent for the interference with their familial relationship.

78.    As a result of their misconduct, Defendant DOES 1-8 are liable to Plaintiffs, either because they were integral participants in the deliberate indifference to Plaintiffs' rights, or because they failed to intervene to prevent the denial of Plaintiffs' rights.

79.    As a direct and proximate result of the wrongful conduct of Defendant DOES 1-8, Plaintiffs suffered emotional distress, mental anguish, and pain. Plaintiffs have also been deprived of the lifelong love, companionship, comfort, support, society, care, and sustenance of Decedent LIMON, and will continue to be so deprived for the remainder of their natural life. Further, Decedent LIMON suffered pre-death pain and suffering, loss of enjoyment of life, and loss of life.

80.    The use of excessive and objectively unreasonable deadly force by Defendant Officers NABI, LAUGHLIN, and DOES 1-8, inclusive, as alleged above, shocks the conscience, was in deliberate indifference and reckless disregard for Decedent's and Plaintiffs' rights, and displayed a purpose to harm Decedent unrelated to a legitimate law enforcement objective. In so doing, Defendants' Officers NABI, LAUGHLIN, and DOES 1-8, inclusive, conduct constitutes a violation of Plaintiffs' and Decedent's Fourteenth Amendment Substantive Due Process right to be free from

unlawful state interference with their familial relationship with their son and beloved family member.

81.    Defendants' Officers NABI, LAUGHLIN, and DOES 1-8, inclusive, conduct was malicious, oppressive and in reckless disregard for the rights and safety of Decedent and Plaintiffs and warrants the imposition of exemplary and punitive damages as to Defendant Officers NABI, LAUGHLIN, and DOES 1-8, inclusive.

82.    As a direct result of the death of Decedent, Plaintiffs have suffered the loss of Decedent's love, care, comfort, society, companionship, assistance, protection, affection, moral support, financial support, and loss of services of Decedent.  Plaintiffs seek wrongful death damages under this claim.

83.    Plaintiffs bring this claim individually and seek wrongful death damages under this claim for their past and future loss of Decedent's love, companionship, comfort, care, assistance, attention, protection, affection, society, moral support, instruction, training, advice, guidance, gifts or benefits, funeral and burial expenses, household services, and future financial support, and punitive damages.

84.    Plaintiffs also seek attorneys' fees pursuant to 42 U.S.C. §1988 and costs of suit.

## FOURTH CLAIM FOR RELIEF

### Unconstitutional Custom, Practice, or Policy (42 U.S.C. §1983)

(By Plaintiffs LIMON-MENDOZA and VITAL against Defendants CITY and DOES 9-10, inclusive)

85.    Plaintiffs repeat and re-allege each and every allegation of paragraphs 1 through 84, inclusive, as if fully set forth herein.

86.    At all relevant times Defendants NABI, LAUGHLIN, and DOES 1-8, inclusive acted under the color of state law and within the course and scope of their employment with Defendant CITY.

87.    Defendant officers intentionally shot and killed Decedent without there being an immediate threat of death or serious bodily injury, thereby using excessive and unreasonable force against Decedent. At all relevant times, Decedent was not armed with a firearm, no person about to be struck or harmed by Decedent, the CPD Officers were not responding to a serious or violent crime, there was no crime in progress when the CPD Officers arrived, Decedent did not verbally threaten any person or officer, and did not harm any person or officer.

88.    Defendant Officers NABI, LAUGHLIN, and DOES 1-8, inclusive, acted pursuant to an expressly adopted or fiscal policy or longstanding practice or custom of the Defendant CITY, and DOES 9-10, inclusive.

89.    On information and belief, Defendant Officers NABI, LAUGHLIN, and DOES 1-8, inclusive, were not disciplined, reprimanded, retrained, provided additional training, suspended, or otherwise penalized in connection with the deprivation of Plaintiffs' or Decedent's rights.

90.    Defendants CITY, and DOES 9-10, inclusive, together with other CITY policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

(a)    Using excessive and objectively unreasonable force, including deadly force on unarmed persons who do not pose a risk of immediate death or serious bodily injury to others.

(b)    Providing inadequate training regarding the use of force, including the use of less-lethal force, and deadly force.

(c)    Employing and retaining as Officers, individuals such as Defendant Officers NABI, LAUGHLIN, and DOES 1-8, inclusive, who

21

upon information and belief, Defendant CITY, and DOES 9-10, inclusive, at all times material herein, knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force.

(d)    Inadequately supervising, training, controlling, assigning, and disciplining CITY law enforcement Officers, and other personnel, including Defendant Officers NABI, LAUGHLIN, and DOES 1-8, inclusive, who CITY knew or in the exercise of reasonable care should have known, had the aforementioned propensities or character traits.

(e)    Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining, and controlling misconduct by law enforcement Officers of the CITY.

(f)    Announcing that unjustified uses of force are "within policy," including shootings that were later determined in court to be unconstitutional.

(g)    Even where uses of force are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the Officers involved.

(h)    Failing to adequately discipline CITY law enforcement Officers for the above-mentioned categories of misconduct, including inadequate discipline and "slaps on the wrist," discipline that is so slight as to be out of proportion with the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct.

(i)    Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which Officers do not report other Officers' errors, misconduct, or crimes.  Pursuant to this code of silence,

if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officer's wrongdoing.

(j)    Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of law enforcement shootings, including failing to discipline, retrain, investigate, terminate, and recommend deputies for criminal prosecution who participate in shootings of unarmed people.

(k)    Otherwise covering up police misconduct.

91.    On information and belief, the CITY has deficient policies and fails to train it officers with respect to the warrantless entry of homes, and officers not to not to enter homes without a warrant and unjustifiably shoot at individuals who pose no immediate threat of death or serious bodily harm. As a result of these deficient polices and training, the Officer Defendants shot Decedent while Decedent was in his own home, in the presence of his family members, not committing a crime and while not an immediate threat of death or serious bodily injury, resulting in the injuries claimed in this lawsuit.

92.    Defendants CITY and DOES 9-10, inclusive, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged herein. Despite having knowledge as stated above, these Defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiffs and other individuals similarly situated.

93.    By perpetuating, sanctioning, tolerating, and ratifying the outrageous conduct and other wrongful acts, Defendants CITY and DOES 9-10, inclusive, acted with intentional, reckless, and callous disregard for the

Plaintiffs' constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and tolerated by Defendants CITY and DOES 9-10, inclusive, were affirmatively linked to and were a significantly influential force behind Plaintiffs' and Decedent's injuries.

94.    By reason of the aforementioned acts and omissions, and as a direct and proximate result of the aforementioned unconstitutional policies and customs, Decedent endured substantial pain and suffering, loss of enjoyment of life, and loss of life, and Plaintiffs have suffered the loss of their son, and will continue to be deprived for the remainder of their natural life.

95.    The acts of each of Defendants DOES 9-10, inclusive, were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities, and therefore warrants imposition of exemplary and punitive damages as to Defendant DOES 9-10, inclusive.

96.    Accordingly, Defendants CITY and DOES 9-10, inclusive, each are liable for compensatory damages under 42 U.S.C. §1983.

97.    Plaintiffs bring this claim individually and as successor-in-interest to Decedent and seek both survival and wrongful death damages. Plaintiffs also seek reasonable attorneys' fees and costs under this claim.

## **FIFTH CLAIM FOR RELIEF**

### **Failure to Train (42 U.S.C. §1983)**

(By Plaintiffs LIMON-MENDOZA and VITAL against Defendants CITY and DOES 9-10, inclusive)

98.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 97 of this Complaint with the same force and effect as if fully set forth herein.

PLAINTIFFS' COMPLAINT FOR DAMAGES

99.    At all relevant times Defendants NABI, LAUGHLIN, and DOES 1-8, inclusive acted under the color of state law and within the course and scope of their employment with Defendant CITY.

100.    The acts of Defendant Officers NABI, LAUGHLIN, and DOES 1-8, inclusive, as described herein, deprived Decedent and Plaintiffs of their particular rights under the United States Constitution, including when they wrongfully entered Plaintiffs' and Decedent's home, wrongfully detained Decedent, and intentionally shot Decedent without justification, causing his death.

101.    On information and belief, Defendant CITY failed to properly and adequately train CPD officers including Defendants Officers NABI, LAUGHLIN, and DOES 1-8, inclusive, to handle the usual and recurring situations with which they must deal, including with regard to the use of deadly force generally, and with respect to unlawfully entering and shooting within a civilian's home, de-escalation techniques, tactical communication, and tactical positions. The training policies of Defendants CITY and DOES 9-10, inclusive, were not adequate to train its deputies to handle the usual and recurring situations with which they must deal.

102.    On information and belief, the Defendant CITY failed to train their officers not to shoot a person who is not an immediate threat of death or serious bodily injury and failed to train their officers in the appropriate tactics prior to and in an effort to eliminate the use of force. As a result of this deficient policy and deficient training, the officer Defendants shot Decedent, resulting in the injuries claimed in this lawsuit.

103.    Defendant CITY and DOES 9-10, inclusive, were deliberately indifferent to the obvious consequences of its failure to train its Officers adequately as described herein.

104. The failure of Defendant CITY and DOES 9-10, inclusive, to provide adequate training caused the deprivation of Plaintiffs' and Decedent's rights by Defendant Officers NABI, LAUGHLIN, and DOES 1-8, inclusive; that is, Defendants' failure to train is so closely related to the deprivation of Plaintiffs' and Decedent's rights as to be the moving force that caused the ultimate injury.

105. As a direct and proximate result of the aforementioned conduct, Decedent LIMON endured severe pain and suffering loss of enjoyment of life, and loss of life. Further, as a direct and proximate result of the aforementioned conduct, Plaintiffs endured the loss of their son, including being deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of Decedent LIMON, and will continue to be so deprived for the remainder of their natural life.

106. Accordingly, Defendant CITY and DOES 9-10, inclusive, are liable to Plaintiffs for compensatory damages under 42 U.S.C. §1983.

107. Plaintiffs bring this claim individually and as successors-in-interest to Decedent and seek both survival and wrongful death damages. Plaintiffs also seek reasonable attorneys' fees and costs under this claim.

## SIXTH CLAIM FOR RELIEF

### Ratification (42 U.S.C. §1983)

(By Plaintiffs LIMON-MENDOZA and VITAL against Defendants CITY and DOES 9-10, inclusive)

108. Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 107 of this Complaint with the same force and effect as if fully set forth herein.

PLAINTIFFS' COMPLAINT FOR DAMAGES

109. At all relevant times Defendants NABI, LAUGHLIN, and DOES 1-8, inclusive acted under the color of state law and within the course and scope of their employment with Defendant CITY.

110. The acts of Defendant Officers NABI, LAUGHLIN, and DOES 1-8, inclusive, as described herein, deprived Decedent and Plaintiffs of their particular rights under the United States Constitution, including when they intentionally shot Decedent without justification, causing his death.

111. Upon information and belief, a final policymaker, acting under color of law, has a history of ratifying the unconstitutional and unreasonable uses of force, including deadly force.

112. Upon information and belief, a final policymaker for the Defendant CITY, acting under color of law, who had final policymaking authority concerning the acts of Defendant Officers NABI, LAUGHLIN, and DOES 1-8, inclusive, and the bases for them, ratified the acts and omissions of Defendant Officers NABI, LAUGHLIN, and DOES 1-8, inclusive, and the bases for them. Upon information and belief, the final policymaker knew of and specifically approved of Defendants' acts, specifically approving the CPD Officers' unlawful entry into Plaintiffs' home, the unlawful detention of Decedent, and the excessive and unreasonable shooting Decedent when he was not an immediate threat of death or serious bodily injury.

113. On information and belief, the official policies with respect to the incident are that CPD Officers are not to use deadly force against an individual unless the individual poses an immediate risk of death or serious bodily injury to the Officers or others. The CPD Officers' actions deviated from these official policies because Decedent LIMON did not pose an immediate threat of death or serious bodily injury to the involved Officers or anyone else.

114. Upon information and belief, a final policymaker(s) has determined (or will determine) that the acts of Defendant Officers NABI, LAUGHLIN, and DOES 1-8, inclusive, were "within policy."

115. By reason of the aforementioned acts and omissions, Defendants CITY and DOES 9-10, inclusive, are liable to Plaintiffs for compensatory damages under 42 U.S.C. §1983.

116. Plaintiffs bring this claim individually and as successor-in-interest to Decedent and seek both survival and wrongful death damages. Plaintiffs also seek reasonable attorneys' fees and costs under this claim.

## SEVENTH CLAIM FOR RELIEF

### False Arrest/False Imprisonment (Cal. Govt. Code §§820, 820.4 and California Common Law)

(By Plaintiffs LIMON-MENDOZA and VITAL against Defendants NABI, LAUGHLIN, and DOES 1-8, inclusive, directly; and Defendants CITY and DOES 9-10 vicariously)

117. Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 116 of this Complaint with the same force and effect as if fully set forth herein.

118. At all relevant times Defendants NABI, LAUGHLIN, and DOES 1-8, inclusive acted under the color of state law and within the course and scope of their employment with Defendant CITY.

119. Defendant Officers intentionally deprived Decedent of his freedom of movement by use of force, threats of force, menace, fraud, deceit, and unreasonable duress. Defendant Officers detained Decedent without reasonable suspicion or probable cause. The scope and manner of their detention of Decedent was also unreasonable.

120. Decedent did not knowingly or voluntarily consent.

28

121.  Defendant Officers detained Decedent for an appreciable amount of time including by shooting him, making Decedent otherwise feel that he was not free to leave.

122.  The conduct of Defendant Officers was a substantial factor in causing the harm to Decedent.

123.  As a direct and proximate result of the actions of Defendant Officers, Decedent suffered severe pain and suffering, harm, injuries, damages, and death.

124.  As a result of their misconduct, Defendant Officers are liable for Decedent's injuries and ultimate harm, either because they were integral participants to the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

125.  Defendant CITY is vicariously liable for the wrongful acts of the individual defendants pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's acts would subject him or her to liability.

126.  Defendants CITY and DOES 8-10, inclusive are vicariously liable under California law and the doctrine of *respondeat superior*.

127.  The conduct of Defendant Officers was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Decedent, entitling Plaintiffs to an award of exemplary and punitive damages.

128.  Plaintiffs bring this claim individually and as successors-in-interest to Decedent, and seek general and special damages, including punitive damages to be proven at trial.

/ / /

/ / /

**EIGHTH CLAIM FOR RELIEF**

**Assault/Battery (Cal. Govt. Code §§815, 820 and California Common Law)**

(By Plaintiffs LIMON-MENDOZA and VITAL against Defendant Officers NABI, LAUGHLIN, and DOES 3-8, inclusive, directly; and CITY and DOES 9-10 vicariously)

129.  Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 128 of this Complaint with the same force and effect as if fully set forth herein.

130.  At all relevant times Defendants NABI, LAUGHLIN, and DOES 1-8, inclusive acted under the color of state law and within the course and scope of their employment with Defendant CITY.

131.  When Defendant Officers NABI, LAUGHLIN, and DOES 1-8, inclusive, were detaining Decedent, Decedent was not threatening any person, and Decedent never verbally threatened any Defendant Officers.

132.  Decedent was not attempting to inflict harm to anyone. Defendants were not responding to a serious or violent crime, Defendants did not witness a crime in progress upon arrival, and Defendants had no information that anyone had been harmed. Decedent was in his own home when Defendant Officers used force against Decedent including when they grabbed and then repeatedly shot Decedent without justification, when Decedent was not attempting to resist or flee.

133.  The shooting was excessive and objectively unreasonable, especially because throughout the incident, Decedent presented no immediate threat to the safety of the Officers or others, including not an immediate threat of death or serious bodily injury to any Officer or other person. Further, Defendants' shooting and use of force violated their training, standard law enforcement training, and generally accepted law enforcement standards.

134.   Defendant Officers NABI, LAUGHLIN, and DOES 1-8, inclusive, had no legal justification for using force against Decedent, and the use of force was unreasonable and non-privileged. Moreover, Decedent did not knowingly or voluntarily consent to the use of force against him.

135.   Defendant Officers NABI, LAUGHLIN, and DOES 1-8, inclusive, caused various injuries as mentioned herein and are liable either because they directly harmed Decedent or by integrally participating or failing to intervene in the incident, and by engaging in other acts and/or omissions around the time of the incident. Defendants' acts and omissions resulted in harmful and offensive touching of Decedent.

136.   As a direct and proximate result of the aforesaid acts and omissions of Defendant Officers NABI, LAUGHLIN, and DOES 1-8, inclusive, Decedent suffered great physical and mental injury, as well as fear and emotional distress related to his physical injuries, pain and suffering, humiliation, anguish, and death.

137.   The conduct of Defendant Officers NABI, LAUGHLIN, and DOES 1-8, inclusive, was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Decedent, entitling Plaintiffs to an award of exemplary and punitive damages, which Plaintiffs seek under this claim.

138.   Defendant Officers NABI, LAUGHLIN, and DOES 1-8, inclusive, are directly liable for their actions and inactions pursuant to Cal. Govt. Code §820(a).

139.   The Defendant CITY is vicariously liable for the wrongful acts and omissions of Defendant Officers NABI, LAUGHLIN, and DOES 1-8, inclusive, pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its

employees within the scope of the employment if the employee's act would subject him or her to liability.

140. Plaintiffs seek compensatory damages and bring this wrongful death claim as successors-in-interest to Decedent against Defendants and seek survival and wrongful death damages under this claim. Plaintiffs also seek reasonable costs and funeral and burial expenses on this claim.

## NINTH CLAIM FOR RELIEF

**Negligence & Negligent Infliction of Emotional Distress (Cal. Govt. Code §§815, 820 and California Common Law)**

(By all Plaintiffs against Defendants NABI, LAUGHLIN, and DOES 1-8, inclusive, directly; and Defendants CITY and DOES 9-10 vicariously)

141. Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 140 of this Complaint with the same force and effect as if fully set forth herein.

142. At all relevant times Defendants NABI, LAUGHLIN, and DOES 1-8, inclusive acted under the color of state law and within the course and scope of their employment with Defendant CITY.

143. Peace Officers, including Defendants, have a duty to use reasonable care to prevent harm or injury to others. This duty includes but is not limited to the following: using appropriate tactics, giving appropriate commands, giving warnings, allowing time for the subject to understand and comply with appropriate commands and warnings, not using any force unless necessary, using less-intrusive options, acting objectively reasonable when using deadly force, and only using deadly force as a last resort. Defendants breached this duty of care.

144. The actions and inactions of Defendants were negligent and reckless, including but not limited to:

a)    Defendants' failure to constitutionally respond to Decedent.

b)    Defendants' unlawful and negligent entry into the residence.

c)    Defendants' failure to properly and adequately assess the need to use force against Decedent.

d)    Defendants' negligent tactics and handling of the situation with Decedent, including the failure to de-escalate the situation.

e)    Defendants' negligent use of force against Decedent.

f)    Negligent tactics and handling of the situation with Decedent, including pre-shooting negligence and the failure to give appropriate commands and warnings.

g)    Defendants' failure to properly train and supervise employees.

h)    Defendants' failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of Decedent.

i)    Defendants' negligent handling of evidence and witnesses.

j)    Defendants' failure to properly report the incident.

k)    Defendants' failure to de-escalate the situation and use proper communication and commands.

145.  As a result of their misconduct, Defendants are liable for Plaintiffs' and Decedent's injuries on this claim, either because they were integral participants in the aforementioned conduct, or because they failed to intervene to prevent these violations.

146.  At all relevant times during this incident and at the time the Defendant Officers used excessive and unreasonable force against Decedent LIMON, Plaintiffs LIMON-MENDOZA, VITAL, and ANGUIANO were present in the home, saw the use of unreasonable force, and presently knew about the use of unreasonable force. Further, at all relevant times during this incident and at the time the Defendant Officers used excessive and

33

unreasonable force against Decedent LIMON, the Defendant Officers knew or should have known that the Plaintiffs were present on scene and watching the Defendant Officers' use of unreasonable force and knew or should have known that their use of unreasonable force would cause severe emotional distress to Plaintiffs.

147. The Defendant Officers' conduct was outrageous because a reasonable person would regard it as falling outside the bounds of decency, considering that the Defendant Officers abused their position of authority and relationship with Plaintiffs that gave the Defendant Officers the real and apparent power to affect Plaintiffs' interests; the Defendant Officers knew or should have known that Plaintiffs were particularly vulnerable to emotional distress under the circumstances of this incident; the Defendant Officers knew or should have known that their conduct was likely to result in emotional harm.

148. As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, Decedent sustained injuries and died from his injuries. Also, as a direct and proximate result of Defendants' conduct as alleged herein, Plaintiffs have also been deprived of their life-long love, companionship, comfort, support, society, care, and sustenance of Decedent, and will continue to be so deprived for the remainder of their natural lives. Further, as a direct and proximate result of Defendants' conduct as alleged herein, Plaintiffs suffered severe emotional distress including mental suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, and humiliation.

149. Plaintiffs' emotional distress is not mild or brief, but severe, substantial, and long-lasting such that no reasonable person should be expected to bear it.

150. Pursuant to Cal. Gov't Code §820(a), "a public employee is liable for injury caused by his act or omission to the same extent as a private person."

151.  A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative." Cal. Gov't Code §815.2(a). Defendant CITY is vicariously liable under California law and the doctrine of *respondeat superior.*

152.  Pursuant to Cal. Code. of Civ. Pro. §§377.20, 377.30, 377.34, Plaintiffs bring this survival action for compensation of Decedent's pre-death pain and suffering, and disfigurement, and for punitive damages.

153.  Pursuant to Cal. Code. of Civ. Pro. §§377.60, 377.61, Plaintiffs bring this wrongful death action for compensation for their past and future loss of Decedent's love, companionship, comfort, care, assistance, attention, protection, affection, society, moral support, instruction, training, advice, guidance, gifts or benefits, funeral and burial expenses, household services, and future financial support.

154.  Plaintiffs seek attorneys' fees under this claim pursuant to Cal. Code of Civ. Pro. §1021.5 for enforcement of the important rights effecting the public interest that Plaintiffs, Decedent, and those similarly situated have, including the right to familial relationship, the right privacy of their own home, prevention of government entry without a warrant, and the right to be free from intimidation and physical assault.

155.  Defendant Officers NABI, LAUGHLIN, and DOES 1-8, inclusive, are directly liable for their actions and inactions pursuant to Cal. Govt. Code §820(a).

156.  Plaintiffs seek compensatory damages and bring this wrongful death claim as successors-in-interest to Decedent against Defendants and seek survival and wrongful death damages under this claim. Plaintiffs also seek reasonable costs and funeral and burial expenses on this claim.

## **TENTH CLAIM FOR RELIEF**

**Intentional Infliction of Emotional Distress (Cal. Govt. Code §§815, 820 and California Common Law)**

(By all Plaintiffs against Defendants NABI, LAUGHLIN, and DOES 1-8, inclusive, directly; and Defendants CITY and DOES 9-10 vicariously)

157.  Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 156 of this Complaint with the same force and effect as if fully set forth herein.

158.  At all relevant times Defendants NABI, LAUGHLIN, and DOES 1-8, inclusive acted under the color of state law and within the course and scope of their employment with Defendant CITY.

159.  The Defendant Officers' conduct was outrageous because a reasonable person would regard it as falling outside the bounds of decency, considering that the Defendant Officers abused their position of authority and relationship with Plaintiffs that gave the Defendant Officers the real and apparent power to affect Plaintiffs' interests; the Defendant Officers knew or should have known that Plaintiffs were particularly vulnerable to emotional distress under the circumstances of this incident; the Defendant Officers knew or should have known that their conduct was likely to result in emotional harm.

160.  The Defendant Officers' conduct was in reckless disregard or intended to cause emotional distress because the Defendant Officers knew or should have known that emotional distress would probably result from their conduct; and the Defendant Officers gave little to no thought to the probable effects of their conduct.

161.  Plaintiffs suffered severe emotional distress including mental suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, and humiliation.

162. Plaintiffs' emotional distress is not mild or brief, but severe, substantial, and long-lasting such that no reasonable person should be expected to bear it.

163. Defendant Officers NABI, LAUGHLIN, and DOES 1-8, inclusive, caused various injuries as mentioned herein and are liable either because they directly harmed Decedent or by integrally participating or failing to intervene in the incident, and by engaging in other acts and/or omissions around the time of the incident. Defendants' acts and omissions resulted in harmful and offensive touching of Decedent.

164. As a direct and proximate result of the aforesaid acts and omissions of Defendant Officers NABI, LAUGHLIN, and DOES 1-8, inclusive, Decedent suffered great physical and mental injury, as well as fear and emotional distress related to his physical injuries, pain and suffering, humiliation, anguish, and death.

165. The conduct of Defendant Officers NABI, LAUGHLIN, and DOES 1-8, inclusive, was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Decedent, entitling Plaintiffs to an award of exemplary and punitive damages, which Plaintiffs seek under this claim.

166. Defendant Officers NABI, LAUGHLIN, and DOES 1-8, inclusive, are directly liable for their actions and inactions pursuant to Cal. Govt. Code §820(a).

167. The Defendant CITY is vicariously liable for the wrongful acts and omissions of Defendant Officers NABI, LAUGHLIN, and DOES 1-8, inclusive, pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

168.  Plaintiffs seek compensatory damages and bring this wrongful death claim as successor-in-interest to Decedent against Defendants and seek survival and wrongful death damages under this claim. Plaintiffs also seek reasonable costs and funeral and burial expenses on this claim.

**ELEVENTH CLAIM FOR RELIEF**

**Violation of the Bane Act (Cal. Civil Code § 52.1)**

(By Plaintiffs LIMON-MENDOZA and VITAL against Defendant Officers NABI, LAUGHLIN, and DOES 3-8, inclusive, directly; and CITY and DOES 9-10 vicariously)

169.  Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 168 of this Complaint with the same force and effect as if fully set forth herein.

170.  At all relevant times Defendants NABI, LAUGHLIN, and DOES 1-8, inclusive acted under the color of state law and within the course and scope of their employment with Defendant CITY.

171.  California Civil Code, Section 52.1 (the Bane Act), prohibits any person, including a police officer, from interfering with another person's exercise or enjoyment of his constitutional rights by threats, intimidation, or coercion, including by the use of unconstitutionally excessive force. Conduct that violates the Fourth Amendment, including the use of excessive force, violates the Bane Act when performed with specific intent to deprive others of their civil rights, which can be inferred by a reckless disregard for the person's civil rights.

172.  Defendant Officers NABI, LAUGHLIN, and DOES 1-8, inclusive, while working for the Defendant CITY and acting within the course and scope of their duties as Officers and under color of law, intentionally committed, and attempted to commit acts of violence against Decedent, including by

38

intentionally and repeatedly shooting Decedent and otherwise using unreasonable force against Decedent. This shooting was excessive and objectively unreasonable and especially reckless because Decedent was not armed with a firearm; was not attempting to harm any person; was not being assaultive, resistive, or attempting to flee; and Decedent did not pose an immediate threat of death or serious bodily injury to any person. Further, the Defendants' use of force violated basic law enforcement training, and generally accepted law enforcement standards. Defendants shot and killed Decedent without any legal justification.

173. When Defendant Officers NABI, LAUGHLIN, and DOES 1-8, inclusive, repeatedly shot Decedent while Decedent was not an immediate threat of death or serious bodily injury, they interfered with Decedent's constitutional rights to be free from unreasonable searches and seizures to equal protection of the laws, to be free from state actions that shock the conscience, and to life, liberty, and property.

174. On information and belief, Defendant Officers NABI, LAUGHLIN, and DOES 1-8, inclusive, intentionally, and spitefully committed the above acts to discourage or prevent Decedent from exercising his civil rights, or from enjoying such rights, which he was and is fully entitled to enjoy. Defendant Officers NABI, LAUGHLIN, and DOES 1-8, inclusive, intentionally interfered with the above constitutional rights of Decedent, and as alleged herein, which can be demonstrated by Defendants' reckless disregard for Decedent's constitutional rights.

175. On information and belief, Decedent reasonably believed and understood that the violent acts committed by Defendant Officers NABI, LAUGHLIN, and DOES 1-8, inclusive, were intended to discourage him from exercising the above civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights.

176.   The conduct of Defendant Officers NABI, LAUGHLIN, and DOES 1-8, inclusive, was a substantial factor in causing Decedent's harm, loss, injury, damages, and death.

177.   The Defendant CITY is vicariously liable for the wrongful acts of Defendant Officers NABI, LAUGHLIN, and DOES 1-8 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

178.   Defendants CITY and DOES 9-10 are vicariously liable under California law and the doctrine of *respondeat superior*.

179.   The conduct of Defendant Officers NABI, LAUGHLIN, and DOES 1-8, inclusive, was malicious, wanton, oppressive, and accomplished with a conscious disregard for Decedent's rights, justifying an award of exemplary and punitive damages as to Defendant Officers NABI, LAUGHLIN, and DOES 1-8, inclusive.

180.  Plaintiffs seek compensatory damages for the violations of Decedent's rights, including for his pre-death pain and suffering, loss of enjoyment of life, and loss of life. Plaintiff also seeks punitive damages, costs, and attorney's fees under California Civil Code section 52 *et seq*. as to this claim.

/ / /

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs LUCILA LIMON-MENDOZA, DANIEL VITAL, and SONIA ANGUIANO, request entry of judgment in their favor against Defendants CITY OF CORONA; KYLE NABI; MATTHEW LAUGHLIN; and DOES 1-10, inclusive, as follows:

1.    For general and special compensatory damages, according to proof at trial, including wrongful death and survival damages under Federal and State law.

2.    For punitive and exemplary damages against the individual Defendants in an amount to be proven at trial.

3.    For statutory damages and civil penalties.

4.    For reasonable attorneys' fees including litigation expenses and treble damages under Federal and State law.

5.    For costs of suit and interest incurred herein.

6.    For such further relief at law or equity as the Court or jury may deem just and appropriate.


DATED: January 25, 2023            **LAW OFFICES OF DALE K. GALIPO**

                                   /s/     *Marcel F. Sincich*
                                   Dale K. Galipo, Esq.
                                   Marcel F. Sincich, Esq.
                                   Shannon Leap, Esq.
                                   *Attorneys for Plaintiffs*

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby submit this demand that this action be tried in front of a jury.

DATED: January 25, 2023               **LAW OFFICES OF DALE K. GALIPO**

/s/     *Marcel F. Sincich*
Dale K. Galipo, Esq.
Marcel F. Sincich, Esq.
Shannon Leap, Esq.
*Attorneys for Plaintiffs*

PLAINTIFFS' COMPLAINT FOR DAMAGES