**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
*dalekgalipo@yahoo.com*
Marcel F. Sincich, Esq. (SBN 319508)
*msincich@galipolaw.com*
Shannon J. Leap, Esq. (SBN 339574)
*sleap@galipolaw.com*
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

*Attorneys for Plaintiffs*

JOHN D. HIGGINBOTHAM, Bar No. 204179
NEIL D. OKAZAKI, Bar No. 201367
DEAN DERLETH, City Attorney
CITY ATTORNEY'S OFFICE
CITY OF CORONA
400 S. Vicentia Ave.
Corona, California 92882
Telephone: (951) 279-3506
john.higginbotham@coronaca.gov
neil.okazaki@coronaca.gov

*Attorneys for Defendants*
CITY OF CORONA, KYLE NABI,
and MATTHEW LAUGHLIN

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCILA LIMON-MENDOZA, DANIEL VITAL, and SONIA ANGUIANO,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF CORONA, KYLE NABI, MATTHEW LAUGHLIN, and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 5:23-cv-00134-JGB-SP<br><br>[*Honorable Jesus G. Bernal Magistrate Sheri Pym*]<br><br>**[PROPOSED] PROTECTIVE ORDER**<br><br>**[Discovery Document: Referred to Magistrate Judge *Sheri Pym*]** |

1

**ORDER**

PURSUANT TO THE STIPULATION OF THE PARTIES ("Stipulated Protective Order"), and pursuant to the Court's inherent and statutory authority, including but not limited to the Court's authority under the applicable Federal Rules of Civil Procedure and the United States District Court, Central District of California Local Rules; after due consideration of all of the relevant pleadings, papers, and records in this action; and upon such other evidence or argument as was presented to the Court; Good Cause appearing therefor, and in furtherance of the interests of justice, the following is HEREBY ORDERED:

**1.    A.    PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

**B.    GOOD CAUSE STATEMENT**

This action involves the use of deadly force against Cristian Limon by City of Corona Police Officers Kyle Nabi and Matthew Laughlin. The parties contend that this confidential information requires special protection from public

2

1  disclosure and from use for any purpose other than prosecution of this action is

2  warranted. Such confidential materials and information consist of, among other

3  things, decedent's and/or Plaintiffs' medical records, personally identifiable

4  information, confidential communication and records, Defendant Officers'

5  training and personnel records, and internal investigation materials and findings,

6  information otherwise generally unavailable to the public, or which may be

7  privileged or otherwise protected from disclosure under state or federal statutes,

8  court rules, case decisions, or common law. Accordingly, to expedite the flow of

9  information, to facilitate the prompt resolution of disputes over confidentiality of

10 discovery materials, to adequately protect information the parties are entitled to

11 keep confidential, to ensure that the parties are permitted reasonable necessary

12 uses of such material in preparation for and in the conduct of trial, to address their

13 handling at the end of the litigation, and serve the ends of justice, a protective

14 order for such information is justified in this matter. It is the intent of the parties

15 that information will not be designated as confidential for tactical reasons and that

16 nothing be so designated without a good faith belief that it has been maintained in

17 a confidential, non-public manner, and there is good cause why it should not be

18 part of the public record of this case.

19 **2.      DEFINITIONS**

20        2.1    Action: this pending federal law suit.

21        2.2    Challenging Party:  a Party or Non-Party that challenges the

22 designation of information or items under this Order.

23        2.3    "CONFIDENTIAL" Information or Items: information (regardless of

24 how it is generated, stored or maintained) or tangible things that qualify for

25 protection under Federal Rule of Civil Procedure 26(c), and as specified above in

26 the Good Cause Statement.

27        2.4    Counsel: Outside Counsel of Record and House Counsel (as well as

28 their support staff).

2.5     Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6     Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8     House Counsel:  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9     Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11    Party:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

4

2.14   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.   SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

**4.   DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.   DESIGNATING PROTECTED MATERIAL**

5.1   Exercise of Restraint and Care in Designating Material for Protection.   Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material,

1  documents, items, or communications for which protection is not warranted are
2  not swept unjustifiably within the ambit of this Order.
3        Mass, indiscriminate, or routinized designations are prohibited.
4  Designations that are shown to be clearly unjustified or that have been made for
5  an improper purpose (e.g., to unnecessarily encumber the case development
6  process or to impose unnecessary expenses and burdens on other parties) may
7  expose the Designating Party to sanctions.
8        If it comes to a Designating Party's attention that information or items that
9  it designated for protection do not qualify for protection, that Designating Party
10  must promptly notify all other Parties that it is withdrawing the inapplicable
11  designation.
12        5.2    Manner and Timing of Designations.  Except as otherwise provided
13  in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise
14  stipulated or ordered, Disclosure or Discovery Material that qualifies for
15  protection under this Order must be clearly so designated before the material is
16  disclosed or produced.
17        Designation in conformity with this Order requires:
18        (a)    for information in documentary form (e.g., paper or electronic
19  documents, but excluding transcripts of depositions or other pretrial or trial
20  proceedings), that the Producing Party affix at a minimum, the legend
21  "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that
22  contains protected material. If only a portion or portions of the material on a page
23  qualifies for protection, the Producing Party also must clearly identify the
24  protected portion(s) (e.g., by making appropriate markings in the margins).
25  Whenever practical, the "CONFIDENTIAL legend" should be placed in the
26  margins of the designated document. The "CONFIDENTIAL legend" should not
27  obscure the contents of the document or material.
28

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has   indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting  Party  has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the   Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)  for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3   <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.**     **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2     <u>Meet and Confer</u>.   The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

6.3     The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7.**     **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a

Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

   (a)   the Receiving Party's Counsel in this Action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this Action;

   (b)   the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

   (c)   Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

   (d)   the court and its personnel;

   (e)   court reporters and their staff;

   (f)   professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

   (g)   the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

   (h)   during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be

1  disclosed to anyone except as permitted under this Stipulated Protective Order;

2  and

3        (i)    any mediator or settlement officer, and their supporting

4  personnel, mutually agreed upon by any of the parties engaged in settlement

5  discussions.

6  **8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED**

7          **PRODUCED IN OTHER LITIGATION**

8       If a Party is served with a subpoena or a court order issued in other

9  litigation that compels disclosure of any information or items designated in this

10 Action as "CONFIDENTIAL," that Party must:

11       (a)    promptly notify in writing the Designating Party. Such

12 notification shall include a copy of the subpoena or court order;

13       (b)    promptly notify in writing the party who caused the subpoena

14 or order to issue in the other litigation that some or all of the material covered by

15 the subpoena or order is subject to this Protective Order. Such notification shall

16 include a copy of this Stipulated Protective Order; and

17       (c)    cooperate with respect to all reasonable procedures sought to

18 be pursued by the Designating Party whose Protected Material may be affected.

19      If the Designating Party timely seeks a protective order, the Party served

20 with the subpoena or court order shall not produce any information designated in

21 this action as "CONFIDENTIAL" before a determination by the court from which

22 the subpoena or order issued, unless the Party has obtained the Designating

23 Party's permission. The Designating Party shall bear the burden and expense of

24 seeking protection in that court of its confidential material and nothing in these

25 provisions should be construed as authorizing or encouraging a Receiving Party in

26 this Action to disobey a lawful directive from another court.

27 **9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE**

28         **PRODUCED IN THIS LITIGATION**

(a)     The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)     make the information requested available for inspection by the Non-Party, if requested.

(c)     If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10.**     <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11.**     <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

**12.**     <u>MISCELLANEOUS</u>

12.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in

1  this Stipulated Protective Order. Similarly, no Party waives any right to object on

2  any ground to use in evidence of any of the material covered by this Protective

3  Order.

4      12.3   Filing Protected Material.  A Party that seeks to file under seal any

5  Protected Material must comply with Civil Local Rule 79-5. Protected Material

6  may only be filed under seal pursuant to a court order authorizing the sealing of

7  the specific Protected Material at issue. If a Party's request to file Protected

8  Material under seal is denied by the court, then the Receiving Party may file the

9  information in the public record unless otherwise instructed by the court.

10 **13.    FINAL DISPOSITION**

11      After the final disposition of this Action, as defined in paragraph 4, within

12 60 days of a written request by the Designating Party, each Receiving Party must

13 return all Protected Material to the Producing Party or destroy such material. As

14 used in this subdivision, "all Protected Material" includes all copies, abstracts,

15 compilations, summaries, and any other format reproducing or capturing any of

16 the Protected Material. Whether the Protected Material is returned or destroyed,

17 the Receiving Party must submit a written certification to the Producing Party

18 (and, if not the same person or entity, to the Designating Party) by the 60 day

19 deadline that (1) identifies (by category, where appropriate) all the Protected

20 Material that was returned or destroyed and (2)affirms that the Receiving Party

21 has not retained any copies, abstracts, compilations, summaries or any other

22 format reproducing or capturing any of the Protected Material. Notwithstanding

23 this provision, Counsel are entitled to retain an archival copy of all pleadings,

24 motion papers, trial, deposition, and hearing transcripts, legal memoranda,

25 correspondence, deposition and trial exhibits, expert reports, attorney work

26 product, and consultant and expert work product, even if such materials contain

27 Protected Material. Any such archival copies that contain or constitute Protected

28

1   Material remain subject to this Protective Order as set forth in Section 4

2   (DURATION).

3   **14.**     Any violation of this Order may be punished by any and all appropriate

4   measures including, without limitation, contempt proceedings and/or monetary

5   sanctions.

6

7   FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

8

9   DATED:                                          _____

10                                                  Honorable Sheri Pym
                                                    United States Magistrate Judge
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14

1    **<u>EXHIBIT A</u>**

2    <u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

3

4         I, _____ [print or type full name], of

5    _____ [print or type full address], declare under

6    penalty of perjury that I have read in its entirety and understand the Stipulated

7    Protective Order that was issued by the United States District Court for the

8    Central District of California on _____ [date] in the case of *Limon et*

9    *al. v. City of Corona et al.*, Case No.: 5:23-cv-00134-JGB-SPx. I agree to comply

10   with and to be bound by all the terms of this Stipulated Protective Order and I

11   understand and acknowledge that failure to so comply could expose me to

12   sanctions and punishment in the nature of contempt. I solemnly promise that I will

13   not disclose in any manner any information or item that is subject to this

14   Stipulated Protective Order to any person or entity except in strict compliance

15   with the provisions of this Order.

16        I further agree to submit to the jurisdiction of the United States District

17   Court for the Central District of California for the purpose of enforcing the terms

18   of this Stipulated Protective Order, even if such enforcement proceedings occur

19   after termination of this action. I hereby appoint _____

20   [print or type full name] of _____ [print or type

21   full address and telephone number] as my California agent for service of process

22   in connection with this action or any proceedings related to enforcement of this

23   Stipulated Protective Order.

24

25   Date: _____     Signature: _____

26                                          Printed name: _____

27   City and State where sworn and signed: _____

28